IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAGALY RETAMAR-LOPEZ, et al.,

    Plaintiffs,                        Case No. 2:13-cv-0161
                                         JUDGE GREGORY L. FROST
v.                                         Magistrate Judge Elizabeth P. Deavers

BOARD OF EDUCATION OF THE DUBLIN
CITY SCHOOLS DISTRICT, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Subject-Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 19). Defendants' motion is unopposed.[1] For the reasons that follow, the Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Amended Complaint.

### I.    BACKGROUND

Plaintiff "RE" is a minor child who suffers from a learning disability. Plaintiff's mother, Magaly Retamar-Lopez, brings this action on RE's behalf, as well as "in her own right as the parent of a disabled child." (ECF No. 15 ¶ 5.)

In their Amended Complaint, Plaintiffs allege that RE was in the Dublin City Schools District's special education program from first through fifth grades. He attended private school for grades six and seven and returned to the Dublin City public school system for eighth grade, at which time the facts underlying this dispute occurred.

---

[1] Plaintiffs did not file a timely response to Defendants' motion, and failed to demonstrate good cause why a late motion should be accepted. *See* ECF Nos. 32 & 35.

1

Throughout RE's eighth grade year, Mrs. Lopez and Defendants disputed the appropriate individualized education program ("IEP") for RE and the means by which that IEP was to be implemented.  Plaintiffs' grievances against Defendants include the following:  failure to prepare a temporary IEP before RE's triennial evaluation meeting, failure to provide a copy of RE's evaluation report and corresponding document of determination of eligibility before that triennial meeting, failure to provide appropriate notice of the triennial meeting causing Mrs. Lopez to miss the same, and failure to address Mrs. Lopez's parental concerns listed on the IEP, among other things.  Plaintiffs allege that these practices deprived RE of a free appropriate public education in violation of the Individuals with Disabilities Education Act, 20 U.S.C. 1414 *et seq*., commonly referred to as the "IDEA."

Defendants do not address the aforementioned claims in their motion to dismiss.  Instead, Defendants argue that because Plaintiffs failed to exhaust administrative remedies before filing suit, they cannot maintain a claim under the IDEA.  Specifically, Defendants argue that Plaintiffs failed to participate in an evidentiary due process hearing, as required by Ohio Admin. Code 3301-51-05(K)(12)(e), such that they failed to satisfy the IDEA's exhaustion requirement.

In support of their arguments, Defendants point to two dismissal orders in which a state independent hearing officer ("IHO") and a state level review officer ("SLRO") dismissed Plaintiffs' due process complaint during the state administrative review process ("Dismissal Orders").[2]  (ECF No. 19-1 & 19-2.)  The IHO noted in his Dismissal Order that, because Plaintiffs failed to participate in an evidentiary hearing as required by Ohio law, he was unable to render a decision on Plaintiffs' claim.  (ECF No. 19-1.)  The SLRO affirmed the dismissal,

---

[2] The due process complaint, discussed in more detail below, is part of Ohio's procedural scheme in which a plaintiff must file a grievance with and seek review from state hearing officers before he or she can bring a civil action in court.

stating that she could not consider Plaintiffs' claim since Plaintiffs failed to attend the required evidentiary hearing.  (ECF No. 19-2.)

## II. ANALYSIS

### A. Standard of Review

Defendants bring their motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Rule 12(b)(1) provides that a court may dismiss a complaint for lack of subject-matter jurisdiction, while Rule 12(b)(6) provides that dismissal is proper if a plaintiff fails to state a claim under which a court may grant relief.

Defendants first argue that Plaintiffs' failure to exhaust administrative remedies deprives the Court of jurisdiction to hear this case.  Recent case law, however, suggests that Rule 12(b)(1) is not the proper vehicle through which to analyze a failure to exhaust argument.  Defendants cite pre-2007 caselaw in which courts treated failure to exhaust administrative remedies as a jurisdictional question (thus invoking Rule 12(b)(1)), but those cases are of questionable precedential value given the United States Supreme Court's 2007 decision in *Jones v. Bock*, 549 U.S. 199 (2007).  In *Jones*, the Supreme Court held that the Prison Litigation Reform Act's exhaustion requirement can be raised as an affirmative defense – it is not a prerequisite for jurisdiction that a plaintiff must plead in his or her complaint.  *Id*. at 212–17.  Several courts interpreting *Jones* in the context of the IDEA have concluded that failure to exhaust is an affirmative defense and not a jurisdictional prerequisite.  *See, e.g., Gibson v. Forest Hills Local Sch. Dist*., No. 1:11-cv-329, 2012 WL 1197896, at *3 (S.D. Ohio Apr. 10, 2012) (collecting district court cases in the Sixth Circuit); *accord Payne v. Peninsula Sch. Dist*., 653 F.3d 863, 867–71 (9th Cir. 2011); *McQueen ex rel. McQueen v. Colorado Springs Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007) (recognizing that *Jones v. Bock* casts doubt on the

3

characterization of IDEA's exhaustion requirement as jurisdictional). As such, the Court will consider Defendants' motion under Rule 12(b)(6), not Rule 12(b)(1).

A court analyzing a Rule 12(b)(6) motion may consider the complaint, public records, and documents central to the claim that are referenced in the complaint. *Basset v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court must construe the pleading in favor of the party asserting the claim, accept the factual allegations contained therein as true, and determine whether those factual allegations present a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). To be considered plausible, a claim must be more than merely conceivable. *Bell Atl. Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Assuming all well-pleaded allegations as true, "Rule 12(b)(6) is the appropriate vehicle to analyze the viability of the legal theories on which a plaintiff bases his or her claim." *Perkins v. Wells Fargo Bank*, *N.A*., No. 2:11-cv-952, 2012 WL 5077712, at *5 (S.D. Ohio Oct. 18, 2012).

A plaintiff generally is not required to plead facts negating an affirmative defense. *See, e.g., Jones*, 549 U.S. at 212–16. A court may, however, grant a Rule 12(b)(6) motion on the basis of an affirmative defense if the defense appears on the face of the complaint. *Id*. at 215 (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)); s*ee also Bishop v. Lucent Techs., Inc.,* 520 F.3d 516, 520 (6th Cir. 2008) (analyzing a statute of limitations affirmative defense and drawing all "reasonable inferences" from the allegations in the complaint); *Doe v. Dublin City Sch. Dist*., No. 2:09-cv-738, 2010 WL 1434318, at *4 (S.D. Ohio Apr. 8, 2010) (granting a Rule 12(b)(6) motion to dismiss an IDEA claim when the plaintiffs conceded that they failed to

exhaust administrative remedies), *aff'd*, 453 F. App'x 606 (6th Cir. 2011).  As such, the Court will not grant Defendants' motion unless Plaintiffs' failure to exhaust appears on the face of the Amended Complaint.

It is clear from the face of the Amended Complaint that Plaintiffs did not participate in an evidentiary hearing prior to filing suit.  Plaintiffs allege that the IHO erred in dismissing their due process complaint because an evidentiary hearing was not required.  They do not suggest that they attended any such hearing.  (ECF No. 15 ¶ 51.)  The only reasonable inference from those allegations is that Plaintiffs did not attend an evidentiary hearing on their due process complaint.  *Cf. Bishop*, 520 F.3d at 520.  The crux of this dispute is whether the evidentiary hearing was required in order to satisfy the IDEA's exhaustion requirement.

The Court also agrees with Defendants that it may consider the Dismissal Orders—which are referred to in the Amended Complaint and central to Plaintiffs' claims—in adjudicating Defendants' motion.  *See Basset*, 528 F.3d at 430.  Defendants, however, cite no authority that would allow the Court to accept the factual findings set forth in the Dismissal Orders.  The Court therefore will consider the facts that the IHO and SLRO dismissed Plaintiffs' due process claim, to the extent such facts are relevant.  The Court declines to adopt the factual findings set forth in the Dismissal Orders.

### B.  The IDEA's Exhaustion Requirement

The IDEA, 20 U.S.C. § 1414 *et seq.*, is a federal statute aimed at improving educational results for children with disabilities.  It is well settled that a plaintiff may not bring a civil action under the IDEA unless and until he or she has exhausted administrative remedies.  *See, e.g., Doe v. Dublin City Sch. Dist.*, 453 F. App'x 606, 608 (6th Cir. 2011); *Long v. Dawson Springs Indep. Sch. Dist.*, 197 F. App'x 427, 434–35 (6th Cir. 2006); *Donoho v. Smith Cty. Bd. of Educ.*, 21 F.

5

App'x 293, 296–97 (6th Cir. 2001); *Covington v. Knox Cty. Sch. Sys.*, 205 F.3d 912, 917 (6th Cir. 2000). "Exhaustion 'enables the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy.' " *Donoho*, 21 F. App'x at 297–98 (quoting *Christopher W. v. Portsmouth Sch. Comm.,* 877 F.2d 1089, 1094 (1st Cir. 1989)). If a plaintiff failed to exhaust administrative remedies before filing suit, a court should dismiss the action without prejudice. *Gibson v. Forest Hills Local Sch. Dist.*, No. 1;11-cv-329, 2012 WL 1197896, at *3 (S.D. Ohio Apr. 10, 2012).

To determine what administrative procedures a plaintiff must exhaust, a court must look to both the IDEA and substantive state law. The IDEA tasks the states with "establish[ing] and maintain[ing] procedures to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education." *Id*. § 1415(a). The IDEA also sets forth certain types of procedures that the states must provide. *Id*. § 1415(b).

Central to the IDEA's procedural framework are the opportunity for any party to present a complaint, *id*. § 1415(b) & (c), and the opportunity for that party to participate in an impartial due process hearing on his or her complaint. *Id*. § 1415(f). The hearing "shall be conducted by the state educational agency or by the local educational agency, as determined by State law or by the State educational agency." *Id*. § 1415(f)(1)(A). In other words, parents seeking redress under the IDEA would seek a due process hearing pursuant to 20 § U.S.C. 1415(f), as implemented by the relevant state's substantive law. *See, e.g., Long*, 197 F. App'x at 433. A party must exhaust their administrative remedies under state substantive law in order to satisfy the IDEA's exhaustion requirement. *See id*. at 433–43.

In Ohio, the due process hearing required by 20 U.S.C. § 1415(f) is administered pursuant to Ohio Revised Code § 3323.05(G)(1)(c) and Ohio Administrative Code 3301-51-05(K). Section 3301-51-05(K) of Ohio's Administrative Code sets forth various procedural safeguards for the hearing. Section 3301-51-05(K)(10)(c), for example, requires that an impartial hearing officer, who is neither an employee of the Ohio Department of Education nor a person with a personal/professional interest in the outcome, conduct the hearing. That officer has the responsibility of "[a]rriving at a written decision <u>based solely on evidence and testimony presented at the hearing</u>." Ohio Admin. Code 3301-51-05(K)(12)(e) (emphasis added). These requirements provide the "guaranteed procedural safeguards" to children with disabilities and their parents that the IDEA requires. 20 U.S.C. § § 1415(a). A plaintiff must exhaust those procedural safeguards before he or she can pursue an IDEA claim in court. *See, e.g., Long*, 197 F. App'x at 433.

Because an impartial hearing officer cannot render a decision without an evidentiary hearing, the evidentiary hearing is a required administrative step in which Plaintiffs were required to participate before pursuing this action. Ohio Admin. Code 3301-51-05(K)(12)(e). The evidentiary hearing would have allowed the IHO to render a decision on the merits of Plaintiffs' claim, which the SLRO (and eventually a court) could then review.

For reasons unknown to this Court, Plaintiffs did not participate in the required evidentiary hearing. The IHO, SLRO, and now this Court have no factual record on which to assess Plaintiffs' claims. And the policies underlying the exhaustion requirement—allowing the agency to apply its expertise, exercise its discretion, and correct mistakes, all while promoting accuracy, efficiency, agency autonomy, and judicial economy—have not been met. As such,

Plaintiffs' failure to participate in the evidentiary hearing constitutes a failure to exhaust administrative remedies.  *See, e.g., Long*, 197 F. App'x at 433.

### C.  The IDEA Does Not Preempt Ohio Admin. Code § 3301-51-05(K)

The Court will briefly address Plaintiffs' suggestion in their Amended Complaint that the IDEA preempts Ohio Admin. Code 3301-51-05(K).  Because the IDEA and Ohio law complement each other, rather than conflict, Plaintiffs' suggestion is without merit.

Plaintiffs raise the issue of conflict preemption, which "refers to circumstances 'where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' "  *Wimbush v. Wyeth*, 619 F.3d 632, 634 (6th Cir. 2010) (quoting *State Farm Bank v. Reardon*, 539 F.3d 336, 342 (6th Cir. 2008)).  A "[c]onflict preemption analysis 'should be narrow and precise, to prevent the diminution of the role Congress reserved to the States while at the same time preserving the federal role.' "  *Id*. (quoting *Downhour v. Somani*, 85 F.3d 261, 266 (6th Cir.1996)).

Plaintiffs assert that 20 U.S.C. § 1415(f)(3)(E) conflicts with and therefore preempts Ohio Admin. Code 3301-51-05(K).  Section 1415(f)(3)(E) provides:

> (i) In general
>> Subject to clause (ii), a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education.
>
> (ii) Procedural issues
>> In matters alleging a procedural violation, a hearing officer may find that a child did not receive a free appropriate public education only if the procedural inadequacies--
>>> (I) impeded the child's right to a free appropriate public education;
>>> (II) significantly impeded the parents' opportunity to participate in the decisionmaking process regarding the provision of a free appropriate public education to the parents' child; or
>>> (III) caused a deprivation of educational benefits.

8

> (iii) Rule of construction
>> Nothing in this subparagraph shall be construed to preclude a hearing officer from ordering a local educational agency to comply with procedural requirements under this section.

Plaintiffs argue that § 1415(f)(3)(E) requires a hearing officer to decide a case without an evidentiary hearing, which therefore preempts Ohio's requirement of an evidentiary hearing. That argument is wrong for several reasons.

First, Plaintiffs misinterpret § 1415(f)(3)(E). That section does not require a hearing officer to decide a case without an evidentiary hearing. To the contrary, as Defendants point out, it is difficult to imagine how a hearing officer can make an appropriate decision on either substantive or procedural grounds without having the evidence to make that determination. Ohio's evidentiary hearing requirement merely complements section § 1415(f)(3)(E). Absent a conflict, there can be no conflict preemption. *Wimbush*, 619 F.3d at 634.

Second, Ohio is not just *permitted* to complement the IDEA's procedural scheme with its own administrative regulations—it is **required** to do so. The IDEA sets forth certain protections and mandates that the states "establish and maintain" procedures to guarantee those protections. 20 U.S.C. § 1415(a). Specifically, the IDEA requires a due process hearing, which "shall be conducted by the state educational agency or by the local educational agency, as determined by State law or by the State educational agency." *Id*. § 1415(f)(1)(A). Congress could not have been clearer in enacting the IDEA that the states are tasked with administering the protections the IDEA guarantees, such as the due process hearing. *See id*. Section 3301-51-05(K) of Ohio's Administrative Code does just that. As such, § 3301-51-05(K) does not stand as an obstacle to the purposes and objectives of the IDEA.

The Court concludes by noting the curious nature of Plaintiffs' position. They ask the Court to disregard an Ohio regulation intended to protect their rights under the IDEA. Plaintiffs' argument, if accepted, would actually lessen the procedural guarantees that Ohio provides for disabled children and their parents. Plaintiffs' argument would grant an IHO unfettered discretion to decide cases without hearing evidence, and prevent the SLRO from being able to meaningfully review each complainant's case. It is entirely unclear why Plaintiffs are advocating for that result.

Nevertheless, because Ohio law is not preempted, Plaintiffs' failure to participate in the evidentiary hearing constitutes a failure to exhaust administrative remedies. The Court must therefore determine whether any exceptions to the exhaustion requirement apply.

### D. No Exceptions to the Exhaustion Requirement Apply

There are "narrow exceptions" to the IDEA's exhaustion requirement. *Donoho*, 21 F. App'x at 297 (citing *Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989)). "[E]xhaustion is not required if it would be futile or inadequate to protect the plaintiff's rights." *Covington*, 205 F.3d at 917. "Nor is exhaustion required if the plaintiffs were not given full notice of their procedural rights under the IDEA." *Id*. Finally, exhaustion is not required when "an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law." *Id*. (citing *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir.1987)). Plaintiffs bear the burden of demonstrating that an exception to the exhaustion requirement applies. *Id*.; *see also Donoho*, 21 F. App'x at 297.

Plaintiffs did not file a memorandum in opposition to Defendants' motion. Plaintiffs therefore have not met their burden in demonstrating that an exception applies.

Moreover, it is apparent from the face of the Amended Complaint that no exception to the exhaustion requirement applies in this case. Plaintiffs' position is that an evidentiary hearing was not required because: (1) "[t]he issues in dispute involved questions of law only, for example Plaintiff Mrs. Lopez asked if a special education director may conceal an evaluation meeting and still meet the requirements of 20 U.S.C. § 1414(b)(4)(B);" (2) the IHO declared several issues "moot" early in the case, showing "that his mind was already made up against Plaintiff Mrs. Lopez' claims before the evidentiary hearing was scheduled;" and (3) the hearing officer was a subcontractor of the Board who had a "financial interest in conducting an evidentiary hearing" that would "double" his compensation received from the Board. (ECF No. 15 ¶ 51.)  None of these claims trigger an exception to the exhaustion requirement.

Regarding Plaintiffs' first point, even if the dispute involved questions of law, it also involved questions of fact—*i.e.*, whether the facts Plaintiffs say occurred actually occurred. As stated by the SLRO in her Dismissal Order: "The facts in this case were not proven." (ECF No. 19-2, at 19.)  Plaintiffs' "question of law"—whether a director may legally "conceal" a meeting—serves no purpose unless Plaintiffs first prove that the director in this case actually "concealed" a meeting. There simply is no reason to ignore Ohio's evidentiary hearing requirement because legal questions may arise while the parties present their cases and create a factual record. Indeed, one of the points of the administrative process is to provide several levels of review for the legal issues presented by the proven facts of each case.

Plaintiffs' claim that the arbitrator had "his mind already made up" is similarly flawed. That claim would be akin to bypassing the district court and proceeding straight to the court of appeals any time a plaintiff anticipated an adverse ruling from the district judge. If Plaintiffs were concerned about the IHO, they should have created a factual record and then appealed the

11

IHO's decision, pointing out exactly how the IHO misapplied the law.  Plaintiffs' failure to create a record cannot be cured by their subjective perception of the IHO's ideas about this case.

Finally, Plaintiffs' claim that the IHO had a "financial interest" in extending the proceedings by holding an evidentiary hearing is negated by the fact that Ohio law *requires* the evidentiary hearing.  There is nothing improper about the IHO adhering to Ohio law.  In addition, Ohio law provides several procedural safeguards to ensure that the IHO is competent and impartial.  *See* Ohio Admin. Code 3301-51-05(K)(10)(c).  Plaintiffs do not assert that Defendants violated any of those safeguards in selecting an IHO.

Because Plaintiffs failed to exhaust administrative remedies before filing suit, and because no exceptions to the exhaustion requirement apply, the Court finds that Plaintiffs fail to state a claim under the IDEA.  Plaintiffs' Amended Complaint, which rests entirely on the IDEA, therefore must be dismissed.  The Court need not consider Defendants' remaining arguments as to why dismissal is proper.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 19) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Amended Complaint.  (ECF No. 15.)  The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**